```
                  UNITED STATES DISTRICT COURT

                 CENTRAL DISTRICT OF CALIFORNIA

                         WESTERN DIVISION


DAVID WAYNE CROCKER,            ) Case No.  CV 16-5333-ODW(AJW) *
                                ) Case No.  CV 16-5334-ODW(AJW)
            Petitioner,         )
                                ) MEMORANDUM AND ORDER
       v.                       ) DISMISSING PETITIONS
                                )
J. LIZARRAGA,                   )
                                )
            Respondent.         )
_____)
```

On December 30, 1980, petitioner pleaded guilty to second degree murder. He was sentenced to state prison for a term of fifteen years to life. [Petitions at 1-3]. On November 19, 1998, petitioner filed a habeas corpus petition in this Court challenging his 1980 conviction. Case No. CV 98-9294-CM(AJW). Judgment was entered dismissing the petition as untimely on April 21, 1999. Petitioner did not appeal.

On July 19, 2016, petitioner filed two habeas corpus petitions pursuant to 28 U.S.C. § 2254. Both petitions, which again challenge petitioner's 1980 conviction, are successive. See McNabb v. Yates, 576 F.3d 1028, 1029-1030 (9th Cir. 2009) (per curiam) (holding that a dismissal with prejudice under the statute of limitation renders subsequent petitions successive under the AEDPA).

The AEDPA "generally limits a petitioner to one federal habeas corpus motion and precludes 'second or successive' habeas corpus petitions unless the petitioner meets certain narrow requirements." Jones v. Ryan, 733 F.3d 825, 834 (9th Cir. 2013). In relevant part, the statute provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A)-(B); Gonzalez v. Crosby, 545 U.S. 524, 529-530 (2005).

Petitioner indicates that his claim relies upon the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551, 2563 (2015). [Petitions at 7, 15].[1] Assuming that petitioner contends that his petitions meet the exception to the bar on successive petitions, his argument is one that he must first present to the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. See Magwood v. Patterson, 561 U.S. 320, 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003). Because

---

[1] In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was void for vagueness. Johnson, 135 S.Ct. at 2557-2563. The Supreme Court subsequently held that Johnson applied retroactively to cases on collateral review involving sentences imposed under the ACCA's residual clause. Welch v. United States, 136 S.Ct. 1257, 1265 (2016). It is not evident how Johnson would compel the conclusion that California's second degree murder statute is unconstitutionally vague.

petitioner has not obtained leave from the Court of Appeals to file a successive petition, both petitions are dismissed for lack of jurisdiction.[2]

**It is so ordered.**

Dated: July 28, 2016

_____
Otis D. Wright, II
United States District Judge

---

[2] Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Because the circumstances indicate that petitioner intentionally filed these two actions in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.